UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 08-30114-RAL |
| | * | |
| Plaintiff, | * | |
| | * | ORDER DENYING DEFENDANT |
| -vs- | * | NORMAN THOMPSON, SR.'S |
| | * | AND RANDY SHIELDS' |
| | * | MOTIONS TO DISMISS |
| ARCHIE BAUMANN, | * | |
| NORMAN THOMPSON, | * | |
| RANDY SHIELDS, and | * | |
| THOMAS THOMPSON, | * | |
| | * | |
| Defendants. | * | |
| | * | |

## I. INTRODUCTION

The Second Superseding Indictment ("the Indictment") charges Defendant Norman Thompson, Sr. ("Thompson") with five counts and Defendant Randy Shields ("Shields") with four counts of bribery concerning programs receiving federal funds, in violation of 18 U.S.C. § 666(a)(1)(B). (Doc. 114).[1] Thompson and Shields move the Court, pursuant to Fed. R. Crim. P. 7(c)(1), 12(b)(3)(A) and 47, for an order dismissing the Indictment for lack of sufficiency under 18 U.S.C. § 666(a)(1)(B). Defendants contend that the Indictment is insufficient for failing to allege a quid pro quo and, alternatively, failing to allege the $5,000 element. Because the Indictment sufficiently alleges bribery under 18 U.S.C. § 666(a)(1)(B), Defendants' motions are denied.

## II. FACTS

Thompson and Shields are two of four defendants named in the Indictment charging a total of 30 counts for acts of bribery concerning programs receiving federal funds, retaliating

---

[1] Any references to the Indictment will be "I" followed by the page number or numbers.

1

against an informant, conspiracy to retaliate against an informant, and making a false statement to special agents, in violation of 18 U.S.C. §§ 666(a), 1001, and 1513(e). Of those 30 counts, Thompson is charged in Counts XVIII through XXII of the Indictment with bribery concerning programs receiving federal funds, and Shields is charged in Counts XXIV through XXVII under the same statute. (I. 9-15). Thompson and Shields are accused of corruptly accepting and agreeing to accept a thing of value from a person. Id. They allegedly did so "intending to be influenced and rewarded...in connection with a transaction and series of transactions of the Crow Creek Sioux Tribe and the Crow Creek Tribal Schools involving $5,000 and more, all in violation of 18 U.S.C. § 666(a)(1)(B)." Id. These counts also allege that the Crow Creek Sioux Tribe and/or Crow Creek Tribal Schools are agencies that received benefits in excess of $10,000 in federal funds during the 2008 calendar year. Id.

## III. DISCUSSION

### A. Federal Rule of Criminal Procedure 7

Under Rule 7(c)(1) of the Federal Rules of Criminal Procedure, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1)(2002). Counts in the indictment "may incorporate by reference an allegation" in other counts. Id. "An indictment is sufficient if it (1) contains elements of the charged offense and fairly informs the defendant of the charge against which he or she must defend and (2) enables him or her to plead double jeopardy as a bar to further prosecution." United States v. Stands, 105 F.3d 1565, 1575 (8th Cir. 1997) (following United States v. Just, 74 F.3d 902, 903-04 (8th Cir. 1996)); see also Hamling v. United States, 418 U.S. 87, 117 (1974).

This standard does not require usage of a particular word or phrase in the indictment as long as the court can recognize a valid offense and the form of the allegation "substantially states the elements." United States v. White, 241 F.3d 1015, 1021 (8th Cir. 2001); see also United States v. Mallen, 843 F.2d 1096 (8th Cir. 1988) ("It is not necessary that the indictment use the precise language used in the statute, as long as the indictment, by fair implication, alleges an offense recognized by the law."). A court will uphold an indictment unless it "is so defective that by no reasonable construction can it be said to charge the offense." United States v. Pemberton,

121 F.3d 1157. 1169 (8th Cir. 1997) (quoting Stands, 105 F.3d at 1575). An indictment will be found insufficient "only if an essential element of substance is omitted." White, 241 F.3d at 1021 (internal citations omitted).

An indictment may generally "set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence [sic] intended to be punished.'" Hamling, 418 U.S. at 117 (quoting United States v. Carll, 105 U.S. 611, 612 (1882)). The statutory language, however, "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence [sic], coming under the general description, with which he is charged." Id. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487 (1888).

### B. Elements of 18 U.S.C. § 666(a)(1)(B)

Section 666(a)(1)(B) states as follows:

> (a) Whoever, if the circumstance described in subsection (b) of this section exists - ...
> (1) corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, *anything* of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more;
> shall be fined under this title, imprisoned not more than 10 years, or both.

18 U.S.C. § 666(a)(1)(B). (emphasis added).

The government must allege four elements in order to prove that Thompson and Shields committed the bribery offenses against them in the Indictment under Section 666(a)(1)(B):

1. that each was an agent of the Crow Creek Sioux Tribe and/or the Crow Creek Tribal Schools;
2. that each corruptly accepted from or agreed to give a thing of value in connection with a transaction or series of transactions of the Crow Creek Sioux Tribe and/or the Crow Creek Tribal Schools;
3. that the transaction or series of transactions involved something of a value of $5,000 or more; and
4. that the Crow Creek Sioux Tribe and/or Crow Creek Tribal Schools received benefits in excess of $10,000 in the one-year period beginning January 1, 2008 and January 1, 2009.

3

18 U.S.C. § 666; see also Eighth Circuit Manual of Model Criminal Jury Instructions 6.18.666C, at 198 (2009); United States v. Nystrom, 2008 WL 4833984, No. Crim. 07-30100-KES, at *3 (D.S.D. Nov. 4, 2008).

The Indictment contains the requisite general statutory description and statement of the essential facts to inform the Defendants sufficiently of the specific charges against which they must defend. Each count sets forth the four essential elements for the charge of bribery under 18 U.S.C. § 666(a)(1)(B). See Eighth Circuit Manual of Model Criminal Jury Instructions 6.18.666B, at 176 (2009). For the first element, each relevant count states that Thompson and Shields were government agents and their Indian tribal governmental unit (Crow Creek Sioux Tribe and the Crow Creek Tribal Schools). (I. 9-15, Counts XVIII-XXII; XXIV-XXVII).

Setting forth the second element, Counts XVIII through XXII each allege that Thompson, and Counts XXIV through XXVII each allege that Shields, "did corruptly accept and agree to accept a thing of value" from a person, while "intending to influence and reward" the agent "in connection with a transaction and series of transactions of the Crow Creek Sioux Tribe and the Crow Creek Tribal Schools involving $5,000 and more, all in violation of 18 U.S.C. § 666(a)(1)(B)." Id. The Indictment describes the transactions, alleging that the corrupt acts were in connection with transactions "including the approval of expenditure of money and the approval of contracts and agreements" related to the Crow Creek Sioux Tribe and the Crow Creek Tribal Schools. (I. 1-2, 10, 13).

Regarding the third element, the business transactions in controversy involved something of a value of $5,000 or more. (I. 9-15, Counts XVIII-XXII, XXIV-XXVII). The Indictment also contains the required monetary amount of federal funds to satisfy the essential factual component of the fourth element. Specifically, it is alleged that "[t]he Crow Creek Sioux Tribe and the Crow Creek Tribal Schools were a tribal government and an agency of a tribal government that received federal assistance in excess of $10,000 during the one-year period beginning January 1, 2008 and ending January 1, 2009." (I. 1.).

Each count alleges that the conduct occurred on or about a specifically listed date. (I. 9-15). Reasonably construed, the allegations in Counts XVIII through XXII and XXIV through XXVII adequately set forth the charge of bribery, especially when combined with references in

4

each count to 18 U.S.C. § 666(a)(1)(B).  Fed. R. Crim. P. 7(c); see United States v. White, 241
F.3d 1015, 1021 (8th Cir. 2001) (finding that indictment's citation to statute was further notice
and information about the charges).  Consistent with Rule 7 of the Federal Rules of Criminal
Procedure, the Indictment contains "a plain, concise, and definite written statement of the
essential facts constituting the offense charged."

### C.  Intent to Influence an Agent of an Indian Tribal Government

Thompson and Shields contend that the Indictment fails to include the essential facts
constituting a proper bribery allegation.  Specifically, they assert the government insufficiently
alleged the element that a defendant "corruptly...accepts or agrees to accept, anything of value
from any person, intending to be influenced or rewarded..." 18 U.S.C. § 666(a)(1)(B).
Thompson and Shields repeatedly refer to this element as the "quid pro quo" requirement.
Because the Indictment did not invoke explicitly the phrase "quid pro quo" or identify a specific
act or acts that Thompson and Shields were trying to influence, Thompson and Shields claim that
the essential facts are not alleged, and thus, that they are not fairly informed of the charges
against which they must defend.  As a result, Thompson and Shields argue that the Indictment is
insufficient as a matter of law and must be dismissed.

Thompson and Shields  misconstrue the elements of Section 666(a)(1)(B).  In interpreting
the intent element for bribery, the United States Supreme Court noted that  "[b]ribery requires
intent 'to influence' an official act or 'to be influenced' in an official act . . . In other words, for
bribery there must be a *quid pro quo* -- a specific intent to give or receive something of value *in
exchange* for an official act."  United States v. Sun-Diamond Growers, 526 U.S. 398, 404-05
(1999) (interpreting 18 U.S.C. § 201 "Bribery of Public Officials and Witnesses" statute).  As
this interpretation reveals, an allegation of intent to give something of value with an intent to
influence is synonymous with an allegation of a "quid pro quo."  In fact, the statutory language of
Section 666(a)(1)(B) contains the term "intending to be influenced" rather than "quid pro quo."

Thompson and Shields also erroneously read an additional and *specific* quid pro quo
requirement into the elements of Section 666(a)(1)(B).  Although proving acceptance of an
illegal bribe requires the government to present evidence of an agreement to accept something of
value with an intent to be influenced, an illegal bribe may be accepted with the intent to be

5

influenced in a *general* course of conduct. See United States v. Redzic, 569 F.3d 841, 849 (8th Cir. 2009) (emphasis added) (affirming bribery conviction). Hence, it is "not necessary for the government to link any particular payment to any particular action." Id.; see also United States v. Agostino, 132 F.3d 1183, 1190 (7th Cir. 1997) (declining "to import an additional, specific *quid pro quo* requirement into the elements of § 666(a)(2).").[2] It is sufficient to allege that defendant accepted payments "with the intent of influencing or rewarding a pattern of behavior." Id.

Here, each count against Thompson and Shields alleges that they "did corruptly accept and agree to accept a thing of value from a person, intending to be influenced and rewarded." When combined with the specific facts - including dates, agents, Indian tribal government, and series of transactions - alleged, the indictment is sufficient to allow Thompson and Shield to prepare their defenses and to plead double jeopardy to any future prosecution.[3]

### D. Value of Transactions in Connection with Alleged Bribe

Thompson and Shields move, in the alternative, to dismiss Counts XVIII through XXII and XXIV through XXVII of the Indictment for failing to satisfy the element that the corrupt transaction involved something of a value of $5,000 or more. They claim that the government fails to allege "whether the alleged bribe itself" satisfies the element.

However, the unambiguous language of the controlling statute, 18 U.S.C. § 666(a)(1)(B),

---

[2]The Court is aware that Redzic and Agostino deal with § 666(a)(2) rather than § 666(a)(1)(B). Nevertheless, as the Court noted in Nystrom, "the legal analyses and holdings from these cases are persuasive and instructive to the court's analysis...because subsections (a)(1)(B) and (a)(2) are 'complementary provisions' with identical *relevant* terms. 2008 WL 4833984, at *5 (emphasis in original) (citing United States v. Sabri, 326 F.3d 937, 943 (8th Cir. 2003), aff'd, 541 U.S. 600 (2004). "[O]ne section criminalizes the solicitation or acceptance of bribes while the other criminalizes the offering or giving of bribes. Both provisions, however, prohibit bribery in connection with 'any business, transaction, or series of transactions' or organizations which receive the requisite amount of federal benefits required in subsection (b)." Id. (citing Sabri, 326 F.3d at 943).

[3] Although, as in Mallen, the indictment could have alleged the facts in greater detail, it fairly puts Defendant on notice of the charges against him. 843 F.2d 1096, 1103 (8th Cir. 1988) (reinstating conviction set aside by district court for insufficient indictment) (noting that "[a]lthough the indictment might have been more complete in alleging the type of transaction in which Mallen attempted to influence the actions of the FDIC, it fairly put Mallen on notice of the charge against him").

states the following in pertinent part:

> Whoever "corruptly solicits or demands for the benefit of any person, or accepts or agrees to accept, *anything of value* from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more" shall be punished under federal law.

18 U.S.C. § 666(a)(1)(B). (emphasis added).

Section 666(a)(1)(B) "does not require that the bribe itself be in excess of $5,000." Nystrom, 2008 WL 4833984, at *4 (citing United States v. Hines, 541 F.3d 833, 836-37 (8th Cir. 2008)); United States v. Zimmermann, 509 F.3d 920, 926-27 (8th Cir. 2007). Rather, alleging that the bribe itself exceeded $5,000 is but "one way to satisfy the element." Id. The element "can also be satisfied by showing that the business or transaction received in return for the bribe was worth in excess of $5,000." Id. (citing Hines, 541 F.3d at 836-37; Zimmermann, 509 F.3d at 926-27). Thus, counts charging violations of Section 666(a)(1)(B) "are not deficient as a matter of law simply because the amount of the bribe given was less than $5,000." Id.

Counts XVIII through XXII and XXIV through XXVII all allege that Thompson or Shields corruptly intended to be influenced "in connection with a transaction or series of transactions of the Crow Creek Sioux Tribe and the Crow Creek Tribal Schools *involving $5,000 and more*." (I. 9-15) (emphasis added). Because these counts allege that the transaction or transactions involved something of value of $5,000 or more, the Indictment properly alleged the statutorily prescribed value. Whether the government ultimately proves beyond a reasonable doubt that the $5,000 requirement of § 666(a)(1)(B) is satisfied with respect to Counts XVIII through XXII and XXIV through XXVII is a question of fact for the jury to decide. See Hines, 541 F.3d at 837 (jury considered evidence on the value of the transaction or business for which the bribe was given); Zimmermann, 509 F.3d at 927 (finding that the jury reasonably found defendant guilty of three counts of accepting bribes after the government presented sufficient evidence that the value of the transactions satisfied the $5,000 threshold); United States v. Agostino, 132 F.3d 1183, 1192-95 (7th Cir. 1997) (finding that the government presented sufficient evidence to the jury to prove each essential element of § 666(a)).

## IV. CONCLUSION

7

For the foregoing reasons, it is hereby

ORDERED that Defendant Norman Thompson, Sr.'s Motion to Dismiss Second Superseding Indictment for Lack of Sufficiency (Doc. 173) and Motion to Dismiss Counts XVIII through XXII for Failure to Meet $5,000 Element (Doc. 174) are denied. It is further

ORDERED that Defendant Randy Shields' Motion to Dismiss Second Superseding Indictment for Lack of Sufficiency (Doc. 180) and Motion to Dismiss Counts XXIV through XXVII for Failure to Meet $5,000 Element (Doc. 181) are denied.

Dated January 5, 2010

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE